TRUCK INS. EXCHANGE *v.* BASHAM

5-3677                                          398 S. W. 2d 512

Opinion delivered January 31, 1966

*Shaw, Jones & Shaw*, for appellant.

*N. D. Edwards*, for appellee.

GEORGE ROSE SMITH, Justice. The appellee's International truck was badly damaged in 1963 when it left the highway near Fayetteville and turned over. The loss (with $100.00 deductible) was covered by an insurance policy issued by the appellant. The insurer elected to have the vehicle repaired instead of paying the net loss. A dispute arose about whether the repair work was being done in such a manner as to restore the truck to its former condition. Negotiations between the parties broke down. Basham eventually brought this action and recovered the full amount of his claim, $3,150.00, plus the statutory penalty and an attorney's fee of $1,000.00.

The appellant argues seven points for reversal. Five of the points challenge the sufficiency of the evidence to establish (*a*) the inadequacy of the repairs and (*b*) the amount of the loss. Those contentions involve questions of fact that may be disposed of by a review of the testimony in the light most favorable to the verdict.

After the accident the insurance company obtained three bids for the repair work and awarded the job to an International dealer whose bid was $1,362.24. The dealer subcontracted a substantial part of the work to a small garage near Tontitown. After the work had been in progress for some time Basham and a qualified repairman visited the garage to inspect the work. Their testimony, which the jury evidently accepted, shows beyond doubt that the repair work was defective. The garage lacked the tools needed to straighten the frame of the truck. Essential welding was being done so poorly that it would have lasted for only a short time. The doors on the cab did not shut properly. Basham took the matter up with the insurer's agent, who, at Basham's

request, suspended the repair work. The parties were unable to settle their dispute, and this litigation ensued.

Upon the second point, the amount of the loss, there is sufficient testimony to support the verdict of $3,-150.00. The witness Meadors, a qualified expert, estimated the value of the truck just before the accident to have been $3,500.00. He further stated that the salvage would be of no value. There was other supporting testimony, including the significant fact that the insurer finally sold the truck for only $500.00, although the Tontitown garage's bill for its unfinished repairs was more than $600.00. Evidently the damaged vehicle had little or no salvage value.

The insurance company also insists that the court should have given its requested instruction on the measure of damages. There was no error, however, for the court did give an instruction which quoted the appropriate language in the insurance policy and submitted to the jury the issue of the plaintiff's damages. There was no need to duplicate the charge upon this question.

In its remaining point the appellant contends that an attorney's fee of $1,000 is excessive, in view of the amount of Basham's recovery. No doubt the trial court took the contemplated appeal into account in fixing the fee. Upon that basis the fee is not unreasonable.

Affirmed.

Cobb, J., not participating.